The Honorable Russ Hunt State Representative P.O. Box 200 Searcy, AR 72145-0200
Dear Representative Hunt:
I am writing in response to your request for my opinion on the following:
 The Quorum Court of White County is considering the creation and funding of a part-time contract civil attorney. The Quorum Court would be responsible for deciding whom to hire for the position. A member of the Quorum Court is interested in the position should it become available. Said member would refrain from voting on any matter pertaining to this issue. Should the member be selected for the job, he would resign his elected position as justice of the peace.
 Question: Is it ethical for the member of the Quorum Court to vie for a position created by and filled by the Quorum Court if he refrains from voting on the issue?
RESPONSE
In my opinion, the answer to your question is, in all likelihood, "no."
Your request must be analyzed under the following statutory standard:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
* * *
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. . . .
A.C.A. § 14-14-1202. Clearly, an elected county official is a person covered by the provisions of the statute above. See A.C.A. §14-14-1202(b)(1)(A). Also pertinent to your request is § 14-14-1205(c), which prohibits a member of a quorum court from receiving compensation as a "county employee" — a term defined in A.C.A. § 14-14-1206(b) as "any individual or firm providing labor or services to a county for salary, wages, or any other form of compensation." As guidance in determining whether a person is providing labor or services to a "county," the statute defines "county government" to mean "all offices, departments, boards, and subordinate service districts of county government. . . ." A.C.A. § 14-14-1206(b).
Your request raises various factual issues that I am neither equipped nor authorized to address. For instance, I totally lack the information to determine whether the justice of the peace referenced in your request might be described as having used "his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest" — conduct expressly proscribed under A.C.A. § 14-14-1202. I also lack any information regarding the process by which the part-time lawyer will be selected. A finder of fact should consider such factual matters in resolving the issues raised in your request.
In my opinion, even if the job were publicly advertised and the selection process were scrupulously impartial, the justice of the peace's proposed conduct would still be ethically suspect under the above referenced statutes. I do not believe the proposed conduct would run afoul of A.C.A. § 14-14-1205(c), since under your hypothetical the justice of the peace will have resigned from the quorum court before he begins receiving compensation as a county employee. However, I question whether abstaining from a vote in hopes of being awarded a job that will require abandoning one's elective position could be characterized as "carry[ing] out all duties assigned by law for the benefit of the people of the county." Such conduct might consequently be deemed to violate the terms of A.C.A. §14-14-1202(a). Moreover, as I understand your hypothetical, the justice of the peace intends to remain on the quorum court until the selection of the part-time lawyer has been made. In my opinion, he will consequently have a clear "interest" — namely, the prospect of future employment — in a "contract or transaction . . . entered into on behalf of the county." His proposed conduct consequently appears to be barred by the express terms of A.C.A. § 14-14-1202(c)(1)(A). In my opinion, the justice of the peace could avoid this ethical bind only by resigning before the quorum court makes its decision.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh